# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

The State, Petitioner,

v.

James Caleb Williams, Respondent.

Appellate Case No. 2021-001493

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from Sumter County
Howard P. King, Circuit Court Judge

---

Opinion No. 28157
Heard March 8, 2023 – Filed June 14, 2023

---

## REVERSED

---

Attorney General Alan McCrory Wilson and Senior
Assistant Deputy Attorney General William M. Blitch,
Jr., both of Columbia, and Solicitor Ernest Adolphus
Finney, III, of Sumter, all for Petitioner.

Chief Appellate Defender Robert Michael Dudek, of
Columbia, for Respondent.

---

**PER CURIAM:** James Caleb Williams was indicted for the attempted murder of
Ashley R., the attempted murder of Malik Myers, and one count of possession of a
weapon during the commission of a violent crime, related to a shooting at a nightclub

in Sumter County. A jury convicted Williams of the attempted murder of Ashley R. and the possession charge. The court of appeals reversed Williams' convictions in a 2-1 opinion. *State v. Williams*, 435 S.C. 288, 867 S.E.2d 430 (Ct. App. 2021). The majority concluded the trial court erred in not granting Williams' directed verdict motion as to the attempted murder of Ashley R. because the State relied on the doctrine of transferred intent to prove Williams had the intent to kill Ashley R. The majority held the doctrine of transferred intent does not apply to specific intent crimes, such as attempted murder. The dissent disagreed, but found the issue unpreserved. We granted the State's petition for a writ of certiorari to address whether transferred intent applies to specific intent crimes. However, after oral argument and further deliberation, we find this issue was not preserved at trial. We therefore reverse the court of appeals' majority opinion.

## I.

The facts of this case are adequately presented in the court of appeals' opinion. Pertinent to our resolution is Williams' motion for directed verdict. Williams moved for a directed verdict on the sole ground that the State had not presented sufficient evidence as to the identity of the person who shot at Myers and Ashley R. The State responded that it had presented enough evidence to create a jury question as to whether Williams was the shooter. As to Ashley R., the State argued, "just specifically because he was not shooting directly at Ashley, I would point out that we're proceeding under transferred intent and we do believe that he was firing his gun with malice and the bullet struck Ashley R." The trial court denied the motion for a directed verdict, reasoning, in part, that the evidence supported the charges against Williams because there was testimony Williams was firing at Myers and– "by transferred intent"–Ashley R. After presenting his defense, Williams renewed his motion for a directed verdict "for the reasons I stated earlier." The trial court denied the renewed motion. The trial court later instructed the jury on transferred intent without objection.

Williams never asserted there was insufficient evidence of intent or claim the doctrine of transferred intent did not apply to attempted murder as grounds for his directed verdict motion. Transferred intent was brought up only by the State and the trial court. We therefore conclude Williams failed to preserve the issue of whether the doctrine of transferred intent applies to specific intent crimes for our review. *See State v. Jordan*, 255 S.C. 86, 93, 177 S.E.2d 464, 468 (1970) (holding issue not raised as a ground for a directed verdict motion was not preserved); *State v. Kennerly*, 331 S.C. 442, 455, 503 S.E.2d 214, 221 (Ct. App. 1998) (same). The trial court never had the chance to consider the transferred intent issue against the

arguments Williams now unveils on appeal. We are "a court of review, not of first view." *Cutter v. Wilkinson*, 544 U.S. 709, 718 n.7 (2005). We therefore agree with Judge Huff's dissent and hold the issue of transferred intent was not preserved. Accordingly, we reverse the opinion of the court of appeals and affirm Williams' convictions and sentences for the attempted murder of Ashley R. and possession of a weapon during the commission of a violent crime.

**REVERSED.**

**BEATTY, C.J., KITTREDGE, FEW, JAMES and HILL, JJ., concur.**